IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL CHARLES COOK, | No. C 09-3214 RS |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS AND DENYING ALL OTHER PENDING MOTIONS** |
| SECRETARY OF THE TREASURY, | |
| Defendant. | |

This is one of many cases plaintiff Michael Cook, appearing *pro se*, has filed seeking to recover several Supplemental Social Security Income ("SSI") checks that he contends were issued to him, but that he asserts he did not receive or negotiate.[1] On November 30, 2009, the Court issued an order dismissing the 2466 action on grounds that Cook had yet to exhaust his administrative remedies, as his appeal was still pending before the Appeals Council of the Social Security Administration. Shortly thereafter, the Appeals Council rendered a decision in Cook's favor, remanding the matter for further proceedings before an Administrative Law Judge.

---

[1] The prior actions include C 06-5950 RS, C 07-5085 RS, C 07-06232 RS, and C 07-06068 RS. In what appeared to be part of his same overall effort to recover the SSI payments, Cook has also filed complaints seeking to obtain certain medical records. See, e.g., C 06-1965 RS, C 08-3626 RS, and C 09-2467 RS. Cases will hereafter be referenced by their final four digits.

At that time, this action was assigned to Judge Whyte, and was before the undersigned on referral for a report and recommendation. Subsequently, upon the undersigned's appointment as a district judge, this case was re-transferred to the undersigned pursuant to a Related Case order under Civil Local Rule 3-12. Accordingly defendant's motion to dismiss is ripe for a dispositive ruling, without a report and recommendation.

The motion to dismiss is granted in this action, for the same reasons set forth in the November 30, 2009 order in the 2466 action. Cook's attempt to evade his obligation to exhaust administrative remedies by naming the Secretary of Treasury rather than the Social Security Administration as the defendant herein is creative, but legally unavailing. The substance of this action remains a challenge to a determination regarding the payment of Social Security benefits. Until there is a *final* administrative decision, this Court lacks jurisdiction to act.

Cook's request for injunctive relief filed herein on February 19, 2009 is denied. Cook appears to be arguing that he had a right to have an evidentiary hearing *before* the Social Security Administration concluded that it would not re-issue the checks in question. Cook's premise—repeated several times in many of these cases—appears to be that the mere issuance of checks in his name, checks that were never successfully delivered to him and that he therefore never even attempted to negotiate, gave him vested rights in the checks and/or the funds they represented. Cook has failed to show, however, that premise to be legally correct. Accordingly, the Social Security Administration was under no obligation to re-issue the checks upon determining that Cook had been incarcerated during the relevant time periods and therefore was not entitled to the funds. What Cook *is* entitled to is a review of the correctness of the conclusion that he was incarcerated during the relevant months, and it is exactly that review that is now pending in the administrative proceedings.

Finally, the Court notes from defendant's opposition to the request for injunctive relief that Cook appears to be continuing to file new actions regarding this same matter, both in this court and in state court. Defendant is incorrect that Cook is thereby violating this Court's prior order directing all filings arising from this dispute to be made under the 5085 case number; that order was expressly vacated by the November 30, 2009 order in the 2466 case. Nonetheless, Cook is hereby advised

that this Court lacks jurisdiction to entertain further complaints in this matter until and unless there is a *final* administrative decision, and that filing in state court serves no purpose but to cause unnecessary expense and delay, because the federal government will always have the right to remove such actions to federal court.  Any further filings in state court, and any further filings in this Court prior to a final administrative decision, will be taken as an indication of bad faith unless they present a fundamentally different claim and basis for relief.

All other pleadings in this action that may have been denominated as "motions" are hereby denied.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 03/08/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED\* TO:**

James A. Scharf  james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**AND A HARD COPY OF THIS ORDER WAS MAILED TO:**

Michael Cook
T-79529
D2-209
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960-1050

DATED: 03/08/2010

/s/ Chambers Staff

Chambers of Magistrate Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.